IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MERITT BUFFALO EVENTS CENTER, LLC, d/b/a BUFFALO VALLEY EVENT CENTER, § § § § | |
| Plaintiff, § § | Civil Action No. 3:15-CV-3741-D |
| VS. § § | |
| CENTRAL MUTUAL INSURANCE COMPANY, et al., § § § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The instant motion to remand requires that the court address again whether insurance adjusters have been improperly joined as defendants. Concluding that defendant has met its heavy burden of establishing improper joinder, the court denies the motion.

I

This is an action by plaintiff Meritt Buffalo Events Center, LLC, d/b/a Buffalo Valley Event Center ("Meritt Buffalo") against defendants Central Mutual Insurance Company ("Central"), David Massey ("Massey"), and Steve Cagle ("Cagle") arising from Meritt Buffalo's claim for insurance coverage for a fire that damaged Meritt Buffalo's property, a destination wedding venue (the "Property"). Central insured the Property under a policy that covered fire damage to the structure and contents, and business income loss (the "Policy"). Massey and Cagle are insurance adjusters whom Central hired to adjust Meritt Buffalo's claim under the Policy.

According to Meritt Buffalo's state-court original petition ("petition"), Central initially assigned Massey to investigate and adjust the claim, and later reassigned the claim to Cagle. Meritt Buffalo alleges that Massey failed to reasonably investigate the claim, incorrectly calculated the loss, and represented that Meritt Buffalo was covered for business income and extra expenses, but delayed full and prompt payment; Cagle continued adjusting the claim but failed to conduct a reasonable investigation, neglected to follow the Policy and Texas law, and did not pay for the property damage; and, although Meritt Buffalo's representatives provided documentation to support the claim, some of which Massey approved, Meritt Buffalo has been underpaid by more than $900,000, causing Meritt Buffalo to suffer additional business loss.

Meritt Buffalo alleges that Central is liable on claims for breach of contract and breach of the common law duty of good faith and fair dealing because Central failed to conduct a reasonable investigation; delayed, denied, and failed to settle Meritt Buffalo's claim; failed to provide a prompt and reasonable explanation for the denial of the claim, in violation of Tex. Ins. Code Ann. § 541.060(a)(3); failed to affirm or deny coverage or submit to Meritt Buffalo a reservation of rights within a reasonable time, in violation of Tex. Ins. Code Ann. § 541.060(a)(4); and delayed payment of the claim for a period of more than 60 days, in violation of Tex. Ins. Code Ann. § 542.058(a).

Meritt Buffalo asserts that Central, Massey, and Cagle failed to conduct a reasonable investigation of Meritt Buffalo's claim, in violation of Tex. Ins. Code Ann. § 541.060(a)(1); failed to attempt to fairly settle the claim, even though they were aware of their liability

under the Policy, in violation of Tex. Ins. Code Ann. § 541.060(a)(2)(A); and refused to pay the claim without conducting a reasonable investigation of the claim, in violation of Tex. Ins. Code Ann. § 541.060(a)(7).

Meritt Buffalo alleges that Massey and Cagle misrepresented the Policy to Meritt Buffalo by making an untrue statement of material fact, in violation of Tex. Ins. Code Ann. § 541.061(1); misrepresented the Policy by failing to state a material fact necessary to make other statements not misleading, in violation of Tex. Ins. Code Ann. § 541.061(2); and misrepresented the Policy to Meritt Buffalo by making a statement that would mislead a reasonably prudent person to a false conclusion of material fact, in violation of Tex. Ins. Code Ann. § 541.061(3).

Meritt Buffalo alleges that Central, Massey, and Cagle violated sections of the Texas Deceptive Trade Practices-Consumer Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011), by representing to Meritt Buffalo that the Policy and adjusting services had characteristics or benefits that they did not have, in violation of DTPA § 17.46(b)(5); represented to Meritt Buffalo that the Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of DTPA § 17.46(b)(7); represented to Meritt Buffalo that the Policy and adjusting services conferred rights, remedies, or obligations that it did not have, in violation of DTPA § 17.46(b)(12); engaged in unconscionable action by taking advantage of Meritt Buffalo's lack of knowledge and experience in insurance matters, in violation of DTPA § 17.50(a)(3); acted in violation of Chapter 541 of the Texas Insurance Code, in violation of DTPA § 17.50(a)(4); Massey

and Cagle represented that they would fully pay to repair the damages but failed to do so, in violation of DTPA § 17.46(b)(5), (7), and (12); and Central, Massey, and Cagle knowingly committed each of the foregoing alleged violations.

Central removed the case based on diversity of citizenship, contending that Massey and Cagle have been improperly joined. Meritt Buffalo moves to remand. It maintains that Massey and Cagle have been properly joined and that their Texas citizenship deprives this court of subject matter jurisdiction and precludes removal. Meritt Buffalo also posits that the removal was defective because Central failed to include Meritt Buffalo's motion to strike and special exceptions in its notice of removal and amended notice of removal,[1] in violation of 28 U.S.C. § 1446(a). Central opposes the motion.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete

---

[1]Central filed an amended notice of removal and a second amended notice of removal in response to court orders requiring that Central correct defects in pleading the citizenship of Meritt Buffalo.

- 4 -

diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).[2]

---

[2]In *One Way Investments, Inc. v. Century Surety Co.*, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.), the court did not rely on Tex. R. Civ. P. 91a in denying the plaintiff's motion for remand. The court mentioned Rule 91a was mentioned in *One Way* only to summarize the assertions made by the defendant. *See id.* at *3. The court has continued to apply the "fair notice" pleading standard in a manner that is unaltered by Rule 91a. *See, e.g., Superior Air Parts, Inc. v. Kubler*, 2015 WL 567223, at *5-6 (N.D. Tex. Feb. 11, 2015) (Fitzwater, J.); *Arana v. Allstate Texas Lloyds*, 2013 WL 2149589, at *1-2 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.). In fact, the Fifth Circuit has now held in a published opinion that the Texas notice pleading standard applies when deciding whether a defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) ("We hold, in accordance with at least three unpublished decisions of our court, that the Texas pleading standard applies.") (citing cases).

III

A

Central maintains that Massey and Cagle—both citizens of Texas—have been improperly joined because Meritt Buffalo has not alleged a reasonable basis for the court to predict that Meritt Buffalo can recover against Massey or Cagle. Central argues that Meritt Buffalo fails to allege any causes of action against Massey and Cagle distinguishable from those against Central, and that these allegations do not articulate a plausible claim against Massey or Cagle; the allegations against Massey and Cagle are too conclusory and vague to demonstrate a plausible right to relief, and statutory recitations are insufficient to show that an adjuster violated the Texas Insurance Code; Meritt Buffalo did not provide Massey or Cagle with fair notice that his individual conduct caused damages beyond the Policy proceeds for which Central would be liable, and did not specify which facts relating to Massey and Cagle fall within each alleged statutory violation; the allegations against Massey and Cagle for violations of Chapter 541 of the Texas Insurance Code are not actionable because the alleged misrepresentations relate only to Massey and Cagle's investigation and scope of the loss, not to the coverage provided under the terms of the Policy; individual adjusters such as Massey and Cagle cannot be liable under Tex. Ins. Code Ann. § 541.060(a)(2) or § 541.060(a)(7) as a matter of law; Meritt Buffalo's allegations under Tex. Ins. Code Ann. §§ 541.061(1), 541.061(2), and 541.061(3) are too vague to provide Massey and Cagle with fair notice; there is no merit to Meritt Buffalo's DTPA § 17.50(a)(4) claims that are derivative of the Insurance Code claims; and the remaining DTPA claims under

§§ 17.46(b) and 17.50(a)(3) fail to provide fair notice because the allegations do not support the elements of the claims and are too conclusory. Finally, Central posits that there are no fatal procedural defects in its notice of removal because Meritt Buffalo's motion to remand was not filed within 30 days of Central's removal, thereby waiving any procedural defects. *See* 28 U.S.C. § 1447(c). Alternatively, Central contends that its failure to include in the removal papers a copy of Meritt Buffalo's motion to strike and special exceptions is not fatal to removal.

B

Central has met its heavy burden of demonstrating that there is no reasonable basis to predict that Meritt Buffalo might be able to recover against Massey or Cagle. Meritt Buffalo alleges that Massey and Cagle committed the following violations of Tex. Ins. Code Ann. § 541, for which they may be held liable under Tex. Ins. Code Ann. § 541.151: §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(7), 541.061(1), 541.061(2), and 541.061(3). Meritt Buffalo also posits that the violations of the Texas Insurance Code enumerated above create a cause of action under DTPA § 17.50(a)(4), and it alleges other violations under DTPA §§ 17.46(b)(5), 17.46(b)(7), 17.46(b)(12), and 17.50(a)(3).

Neither Massey nor Cagle can be held liable under § 541.060(a)(1). Meritt Buffalo asserts that Massey failed to reasonably investigate the claim, incorrectly calculated the loss, and denied obvious coverage to the Property. It also alleges that Cagle continued adjusting the claim but also failed to conduct a reasonable investigation and denied coverage. "This court has previously held that acts or omissions like this are not within the scope of

§ 541.060(a)(1) because they do not relate to the 'coverage at issue.'" *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (internal quotations omitted); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage and that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).[3]

Meritt Buffalo cannot recover against Massey or Cagle under § 541.060(a)(2)(A). Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable. *Mainali*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724). Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not

---

[3]Meritt Buffalo argues that it has made factual allegations demonstrating that Massey and Cagle made misrepresentations about the details of the Policy. The court disagrees. It is unclear which, if any, facts allege a misrepresentation about coverage. In fact, there is no dispute that the Policy provides coverage for business income and extra expenses, and fire loss in general. The facts that Meritt Buffalo alleges relate only to the scope of the loss and the failure of Massey and Cagle to perform a reasonable investigation, not to any alleged misrepresentations concerning the Policy.

have settlement authority on behalf of the insurer.'" *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724) (internal brackets omitted).

Meritt Buffalo cannot recover against Massey or Cagle under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*Id.* (quoting *Messersmith*, 10 F.Supp.3d at 725).

Meritt Buffalo cannot recover against Massey or Cagle under § 541.061(1)-(3) based on the allegations in the petition. Section 541.061(1)-(3) provides that it is an unfair or deceptive act or practice to misrepresent an insurance policy by

> (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Assuming that an adjuster can be held liable under § 541.061(1)-(3), Meritt Buffalo's allegations fail to state a claim for relief even under the liberal Texas pleading standard. The petition makes only conclusory allegations, including the following:

> Defendant Massey engaged in unfair claims settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(1) of the Texas Insurance Code by making an untrue statement of material fact[.]

Pet. ¶ 36(d).

>Defendant Massey engaged in unfair claims settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made[.]

*Id.* at ¶ 36(e).

>Defendant Massey engaged in unfair settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(3) of the Texas Insurance Code [by] making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

*Id.* at ¶ 36(f).

>Defendant Cagle engaged in unfair claims settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(1) of the Texas Insurance Code by making an untrue statement of material fact[.]

*Id.* at ¶ 44(d).

>Defendant Cagle engaged in unfair claims settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined Section 541.061(2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made[.]

*Id.* at ¶ 44(e).

>Defendant Cagle engaged in unfair settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(3) of the Texas Insurance Code [by] making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

*Id.* at ¶ 44(f).

These and the petition's other allegations that relate to these claims are too conclusory, and they do not provide the court with a reasonable basis to predict that Meritt Buffalo can recover against Massey or Cagle under § 541.061(1)-(3). In essence, Meritt Buffalo has only pleaded a theoretical possibility that Massey or Cagle could be held liable under these sections. *See Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery"); *see also Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, at *4 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (citations omitted) (declining to give effect to repeated references to 'defendants' because "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant[,]" and holding that there was "no reasonable basis for the court to predict that plaintiff might be able to recover from [the adjuster]" because the allegations specifically naming the adjuster, which are almost identical to the allegations in the present case, were "couched as factual allegations" but "a closer analysis disclose[d] that they [were] nothing more than mere conclusions"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")); *DeCluette v. State Farm Lloyds*, 2013

- 12 -

WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each separately").[4]

Meritt Buffalo cannot recover against Massey or Cagle under DTPA § 17.50(a)(4) based on the allegations in the petition. Because the court has concluded that the petition does not adequately plead a reasonable basis for the court to predict that Meritt Buffalo can recover against Massey or Cagle under the Texas Insurance Code, there is likewise no reasonable basis for the court to predict that Meritt Buffalo can recover against Massey or Cagle under DTPA § 17.50(a)(4). "The DTPA claim is derivative of the Texas Insurance Code claims." *Mainali*, 2015 WL 5098047, at *6.

Meritt Buffalo cannot recover against Massey or Cagle under DTPA §§ 17.46(b)(5), 17.46(b)(7), 17.46(b)(12), or 17.50(a)(3). Meritt Buffalo's allegations fail to state a claim

---

[4]The majority of the allegations against Massey and Cagle are identical to those against Central. In contrast to similar cases that this court has decided, however, *see, e.g., Mainali*, 2015 WL 5098047, at *5, Meritt Buffalo outlines its allegations against Massey and Cagle individually, although they are substantially the same, and it asserts several claims under Tex. Ins. Code Ann. § 541.061 against Massey and Cagle that it does not allege against Central. Meritt Buffalo also pleads in its petition specific alleged conduct of Massey and Cagle. Although Meritt Buffalo alleges that it incorporates all previously mentioned facts and allegations relating to Massey and Cagle in its allegations under § 541.061(1)-(3), it is unclear which of these allegations involves any misrepresentation that could provide the court with a reasonable basis to predict that Massey or Cagle could be held liable on these claims.

for relief under the liberal Texas pleading standard. The petition makes only conclusory allegations, including the following:

> Defendant Massey represented to Pla[i]ntiff[] that his adjusting and investigative services had characteristics or benefits that it did not have, giving Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA[.]

Pet. ¶ 33(a).

> Defendant Massey represented to Plaintiff that the policy issued by Central, as well as Central's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA[.]

*Id.* at ¶ 33(b).

> Defendant Massey represented to Plaintiff that the policy issued by Central, as well as its adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, giving Plaintiff the right to recover under Section 17.46(b)(12) [o]f the DTPA[.]

*Id.* at ¶ 33(c).

> Defendant Massey represented that he would fully pay to repair the damages caused by the fire and despite Plaintiff presenting evidence of its damages, failed to fully pay the claim, violating Sections 17.46(b)(5), (7), and (12) of the DTPA.

*Id.* at ¶ 33(d).

> Defendant Massey engaged in an unconscionable action in that he took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

*Id.* at ¶ 33(e).

Meritt Buffalo makes identical allegations in its petition against Cagle. These allegations are "legal conclusions couched as factual allegations," and thus Meritt Buffalo fails to state a claim under DTPA § 17.46(b)(5), (7), and (12). *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3 (N.D. Tex. May 22, 2009) (McBryde, J.).[5] Likewise, Meritt Buffalo cannot recover under DTPA § 17.50(a)(3) because it does not allege any facts that suggest that Massey or Cagle engaged in any unconscionable conduct.

Accordingly, the court concludes that Massey and Cagle have been improperly joined, and their Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability.

IV

The court also rejects Meritt Buffalo's contention that its motion to remand should be granted because Central failed to include a copy of Meritt Buffalo's motion to strike and for special exceptions in its notice of removal and amended notice of removal. Even if the court concludes that Meritt Buffalo did not waive this procedural defect by failing to serve the document on Central before removal, or by making an untimely challenge to this procedural defect, Central can cure procedural defects in its notice of removal even after the 30-day period for removal has expired. *See, e.g., Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72,

---

[5]Meritt Buffalo again incorporates in its DTPA claims all of the petition's prior allegations relating to Massey and Cagle. It is unclear, however, which of these facts involves a alleged misrepresentation by Massey or Cagle that could provide the court with a reasonable basis to predict that Massey or Cagle could be held liable under DTPA § 17.46(b)(5), (7), and (12).

- 15 -

77 (1st Cir. 2009) (holding that even if defendant's answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured after removal).

* * *

Accordingly, for the reasons explained, Meritt Buffalo's motion to remand is denied.

**SO ORDERED**.

March 11, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE