IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MERITT BUFFALO EVENTS CENTER, LLC, D/B/A BUFFALO VALLEY EVENT CENTER,** | § § § § | |
| VS. | § § | CIVIL ACTION NO. 3:15-CV-03741-D |
| **CENTRAL MUTUAL INSURANCE COMPANY, DAVID MASSEY AND STEVE CAGLE,** | § § § § § | |
| VS. | § § § | |
| **XERNIE JOE MERITT** | § | |

## DEFENDANTS' AMENDED ANSWER, AMENDED COUNTERCLAIM AND AMENDED THIRD PARTY PETITION

COME NOW Defendants Central Mutual Insurance Company ("Central"), David Massey and Steve Cagle and file this Amended Answer to *Plaintiff's Original Petition with Discovery* [Exhibit A to Doc #1], (hereinafter referred to as "Plaintiff's Complaint") and their Amended Counterclaim and for such pleading would respectfully show the Court the following:

## I.
## DEFENDANTS' AMENDED ANSWER

### A.  Admissions and Denials

1. To the extent that the allegations in paragraph 1 of Plaintiff's Complaint require an answer of Defendants, those allegations are denied.

2. Defendants admit the allegations in paragraph 2 of the Plaintiff's Complaint.

3. Defendants admit the allegations in paragraph 3 of the Plaintiff's Complaint.

4. In response to paragraph 4, Defendants admit that David Massey is a licensed insurance adjuster. Defendants are without sufficient information to admit or deny the remainder of the allegations in paragraph 4 of the Plaintiff's Complaint.

5. In response to paragraph 5, Defendants admit that Steve Cagle is a licensed insurance adjuster. Defendants are without sufficient information to admit or deny the remainder of the allegations in paragraph 4 of the Plaintiff's Complaint.

6. To the extent that the allegations in paragraph 6 of Plaintiff's Complaint require an answer, Defendants admit that said discovery was served on Defendants and that Defendants responded to this discovery.

7. In response to paragraph 7, Defendants admit that Central's principal office in the State of Texas is in Dallas County. Defendants also admit that this Federal Court has jurisdiction over this matter. Defendants deny the remainder of the allegations in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8, Defendants admit that Plaintiff purchased insurance policies from Central, that those policies insured Plaintiff's property located at 2946 Ganzer Road West, Denton, Texas 76207, and that Plaintiff paid premiums for those policies. Defendants deny the remainder of the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in paragraph 10 of Plaintiff's Complaint.

11. In response to paragraph 11, Defendants admit that Plaintiff possessed Business Income Coverage and Extra Expense coverage under its policy with Central. Plaintiff denies the remainder of the allegations in paragraph 11 of Plaintiff's Complaint, including the allegations in paragraphs 11a-d.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint.

13. In response to paragraph 13, Defendants admit that Plaintiff's claim was reassigned from David Massey to Steve Cagle. Defendants deny the remainder of the allegations in paragraph 13. Defendants also deny all allegations in paragraphs 13a-13f.

14. In response to paragraph 14, Defendants admit that Central sought to take examinations under oath of Roberta Young and Xernie Meritt. Defendants deny the remainder of the allegations in paragraph 14 of Plaintiff's Complaint.

15. In response to paragraph 15, Defendants admit that examinations under oath were taken of Roberta Young and Xernie Meritt on May 21, 2015 and that they provided documents for the examination. Defendants deny the remainder of the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. In response to paragraph 17, Defendants admit that EUOs were taken of Roberta Young. Defendants deny the remainder of the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21. In response to the first sentence of paragraph 21, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-20, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. Defendants further admit that Plaintiff purchased a policy from Central that was in effect at the time of the April 16, 2014 fire that damaged Plaintiff's property. Defendants deny the remainder of the allegations in paragraph 21 of Plaintiff's Complaint.

22.     In response to paragraph 22, Defendants admit that Plaintiff reported the fire loss claim to Central as soon as practicable and that Central acknowledged the claim in writing. Defendants deny the remainder of the allegations in paragraph 22 of Plaintiff's Complaint.

23.     In response to the first sentence of paragraph 23, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-22, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.  In response to the remainder of paragraph 23, Defendants deny the remainder of the allegations made in paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint, including all allegations made in paragraphs 24a-24e of Plaintiff's Complaint.

25.     Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26.     In response to the first sentence of paragraph 26, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-25, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.  In response to the remainder of paragraph 26, Defendants deny the remainder of the allegations made in paragraph 26 of Plaintiff's Complaint, including all allegations made in paragraphs 26a-26e of Plaintiff's Complaint.

27.     Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

30.     In response to the first sentence of paragraph 30, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-29, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted

above.   In response to the remainder of paragraph 30, Defendants deny the remainder of the allegations made in paragraph 30 of Plaintiff's Complaint.

31.   Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32.   Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33.   Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint, including all allegations made in paragraphs 33a-33f.

34.   Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.   In response to the first sentence of paragraph 35, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-34, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.   In response to the remainder of paragraph 35, Defendants deny the remainder of the allegations made in paragraph 35 of Plaintiff's Complaint.

36.   Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint, including all allegations made in paragraphs 36a-36f.

37.   Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.   In response to the first sentence of paragraph 38, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-37, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.   In response to the remainder of paragraph 38, Defendants deny the remainder of the allegations made in paragraph 38 of Plaintiff's Complaint.

39.   Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40.   Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41.   Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint, including all allegations made in paragraphs 41a-41f.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. In response to the first sentence of paragraph 43, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-42, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. In response to the remainder of paragraph 43, Defendants deny the remainder of the allegations made in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint, including all allegations made in paragraphs 44a-44f.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50. To the extent that the allegations in paragraph 50 of Plaintiff's Complaint require an answer, those allegations are denied.

51. This paragraph contains a request for a jury; therefore, no answer is required by Defendants.

52. To the extent that the allegations in the prayer of Plaintiff's Complaint require an answer of Central, those allegations are denied.

## B. Affirmative Defenses

Without waiving the foregoing, Defendants assert the following Affirmative Defenses, alternatively as needed, in reply to Plaintiff's Complaint:

53.     Plaintiff's claims are barred, in whole or in part, by its own breach of contract.

54.     Plaintiff's claims are barred by estoppel by contract and/or equitable estoppel.

55.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

56.     To the extent Plaintiff has been unjustly enriched by overpayment of the claim and/or will be unjustly enriched by further payment of the claim, Plaintiff's claims are barred, in whole or in part.

57.     Plaintiff's claims are barred, in whole or in part, by payment.  Central has already paid over $2.8 million to Plaintiff for its fire loss.

58.     Plaintiff's claims are barred, in whole or in part, by certain exclusions, terms, conditions and/or provisions of the Policy, including, but not limited to, those terms, conditions, exclusions, and provisions addressed separately herein.

59.     To the extent that Plaintiff's alleged damages do not fall within the terms of one or more the insuring agreements found in the policy, there is no coverage for Plaintiff's claims and Plaintiff's claims are barred.

60.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to mitigate its damages, Plaintiff's claims are barred.

61.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to give Central a complete inventory of damaged and of undamaged property, including quantities, costs, values and amount of loss claimed, Plaintiff's claims are barred.

62.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to send Central a signed, sworn proof of loss, Plaintiff's claims are barred.

63.     To the extent that Plaintiff has failed to cooperate with Central in the investigation or settlement of the claim, Plaintiff's claims are barred.

64. To the extent that Plaintiff has failed to take all reasonable steps to protect covered property from further damage and keep a record of such expenses, Plaintiff's claims are barred.

65. To the extent that Plaintiff has failed to permit Central to inspect the property as often as necessary, Plaintiff's claims are barred.

66. To the extent that Plaintiff has failed to resume all or part of its operations as quickly as possible, Plaintiff's claims are barred.

67. To the extent that Plaintiff's alleged damages to its Building or Personal Property were not caused by or do not result from a covered cause of loss, Plaintiff's claims are barred.

68. Plaintiff's claims are barred to the extent that Plaintiff's alleged business income loss does not fall within the insuring agreement or loss payment provisions of **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM – CP0030 10 12** and to the extent that Plaintiff's alleged business income loss falls within any exclusion, exception or limitation in that coverage form.

69. Plaintiff's claims are barred to the extent that Plaintiff's alleged extra expenses do not fall within the insuring agreement or loss payment provisions of **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM – CP0030 10 12** and to the extent that Plaintiff's alleged extra expenses fall within any exclusion, exception or limitation in that coverage form.

70. To the extent that Plaintiff's alleged damages occurred over 365 consecutive days after the date of the direct physical loss, Plaintiff's claims are barred by the **BUSINESS INCOME AND EXTRA EXPENSE Amendment of Limits of Insurance Form 14-3039 02 11**.

71.    To the extent that Plaintiff's claims are barred in whole or in part by the following provision of the policy:

**COMMERCIAL PROPERTY CONDITIONS - CP0090 07 88**

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in case of any fraud by you as it relates to this Coverage Part at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.
...

72.    Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy.  The policy limits in effect at the time of the loss were:

    a.  Events Center/Motel - $1,978,000

    b.  Business Personal Property - $260,000

    c.  Business Income – Actual loss sustained

73.    A *bona fide* controversy existed and continues to exist concerning the extent of the Plaintiff's entitlement to the disputed insurance benefits under the facts present in the insurance claim made the basis of this lawsuit.  Accordingly, Defendants' liability has not become "reasonably clear."

74.    Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles.  Furthermore, any award to Plaintiff must be offset by all prior payments tendered by Central regarding the claims that form the basis of Plaintiff's lawsuit and by all payments and credits otherwise available.

75. Any damages awarded under the Texas Insurance Code are limited by the statutory caps set forth therein.

76. Any damages awarded under the Texas Business and Commerce Code § 17.50 *et. seq.* are limited by the statutory caps set forth therein.

77. Plaintiff's claims for pre-judgment interest and damages are limited by the provisions set forth in Chapter 542 of the Texas Insurance Code and Chapter 304 of the Texas Finance Code.

## II.
## AMENDED COUNTERCLAIM FOR DECLARATORY RELIEF AGAINST PLAINTIFF AND THIRD-PARTY PETITION AGAINST XERNIE MERITT

78. Defendant Central Mutual Insurance Company also reiterates and amend its counterclaim and third-party petition for declaratory relief as allowed by 28 U.S.C. §§ 2201 and 2002 (Declaratory Judgments) and seeks a declaration and adjudication for a determination its rights and obligations under Central Mutual Insurance Company policy no. CLP 8892326 issued to Meritt Buffalo Events Center, LLC for the policy period of February 9, 2014 to February 9, 2015 (the "Policy") for a fire loss reported to have occurred on April 16, 2014. Specifically, Central seeks declaratory relief against both Meritt Buffalo Events Center, LLC and its controlling member, Xernie Meritt, that Central has satisfied its obligations under the Policy.

### A. Parties

79. Plaintiff/Counter-Defendant Meritt Buffalo Events Center LLC d/b/a Buffalo Valley Event Center ("Meritt Buffalo") is a Texas limited liability corporation with its principal place of business in Texas. Meritt Buffalo has four members:

> (a) Member Xernie Jo Merritt, a resident of the State of Colorado, who is domiciled in Colorado and a citizen of Colorado;

    (b) Member Bobby J. Meritt, a resident of the State of Texas, who is domiciled in Texas and citizen of Texas;[1]

    (c) Member Jackie Meritt, a resident of the State of Texas, who is domiciled in Texas and citizen of Texas; and

    (d) Member Vaunda Kay Chapman, a resident of the State of Texas, who is domiciled in Texas and citizen of Texas.

Defendant Meritt Buffalo is therefore a citizen of Texas and Colorado.

80. Defendant/Counter-Plaintiff Central is an Ohio corporation whose principal place of business is in Van Wert, Ohio. Defendant/Counter-Plaintiff is a citizen of the State of Ohio.

81. Third-Party Defendant Xernie Meritt is a resident of the State of Colorado, is domiciled in Colorado and a citizen of Colorado. Xernie Meritt has agreed to waive service in this matter and will shortly be appearing and filing an answer.

### B. **Jurisdiction and Venue**

82. Federal jurisdiction in the original action exists by virtue of diversity of citizenship and the sufficiency of the amount in controversy under 28 U.S.C. 1332. This Court has supplemental jurisdiction over this counterclaim and third-party action pursuant to 28 U.S.C. 1367. See also *King Fisher Marine Service, Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155 (10th Cir. 1990).

83. This Court has venue over this counterclaim and the third-party petition to the extent it has venue over the original action.

### C. **Background**

84. Third-Party Defendant Xernie Joe Meritt is an owner of the Meritt Buffalo Events Center, LLC, and upon information and belief is the controlling member of this LLC.

---

[1] Since the commencement of this lawsuit, Bobby J. Meritt has passed away. At this time, Defendants do not know how this affects Meritt Buffalo's membership, if at all.

85. Defendants aresued a commercial property insurance policy to "Meritt Buffalo Events Center LLC," which policy was known as No. CLP 8892326, effective February 9, 2014 to February 9, 2015. The policy provided commercial property insurance coverage for an events center/motel and gazebo at 2946 Ganzer Road West, Denton, Texas 76207.

86. On April 16, 2014, a fire at the events center/motel was reported to Central. The policy limits in effect at the time of the loss were as follows:

> Events Center/Motel - $1,978,000
> Business Personal Property - $260,000
> Business Income - Actual loss sustained

87. Upon investigation, Central determined there was coverage for the fire loss. Central has made payments to Meritt Buffalo in excess of $2.8 million to compensate Meritt Buffalo for damage to the events center/motel building, damage to business personal property, business income loss and extra expenses. Central's payments provided for temporary facilities that Meritt Buffalo used while the events center/motel was being restored. All checks issued by Central to Meritt Buffalo have been cashed.

88. Meritt Buffalo continues to insist additional payment is owed for the loss even though repairs to the events center/motel were complete in December 2014 and Meritt Buffalo thereafter ceased use of the temporary facilities. Through the date of the original counter-petition, Central continued to receive demands for additional payment from Meritt Buffalo and its members, some of which are not covered or not substantiated.

89. Central's efforts to clarify and finally settle the claim with Meritt Buffalo have been unsuccessful, so Central seeks a declaratory judgment that it has paid all amounts it is obligated to pay to Meritt Buffalo to fully and finally satisfy Central's obligations under Policy No. CLP 8892326.

90. More particularly, it is unclear whether all claims for reimbursement submitted to Central by Meritt Buffalo are covered, causally related to the fire or legitimately incurred. Not only has the claimed loss amount increased since the date of loss over a year ago, when typically such amounts decrease over time, but it appears that work was allegedly performed by Xernie Meritt (through contractor Lone Star Construction, LLC), his girlfriend (through companies formed after the date of loss called Construction Rental Enterprise LLC and Life of the Party Rentals), and his friends (through contractors Lyndle Savage, Kevin Farmer and Franks Electric). These and other circumstances have obviously raised a number of questions with regard to the entire claim and have resulted in Central having to expend significant additional resources to attempt to answer these questions, examine the relationships among contractors allegedly providing claim-related services, as well as investigate certain requests for reimbursement. Central is continuing to try through discovery to determine whether any additional amounts are legitimately owed.

91. Some of Meritt Buffalo's recordkeeping is suspect. Meritt Buffalo submitted a request for payment of business losses related to discounts given to clients because their events had to be held in the temporary tent instead of the event center itself. However, Meritt Buffalo submitted paperwork claiming it gave over $60,000 of discounts to clients, when it actually gave only about $20,000 in discounts to clients.

92. Xernie Meritt's own parents, Defendants Bob and Jackie Meritt, co-owners of Meritt Buffalo, raised issues as to the legitimacy of signatures endorsing checks issued by Central to Meritt Buffalo and as to the receipt of those funds. Central's records contain signatures of both Bob and Jackie Meritt on the back of some checks. However, Bob and Jackie claimed neither of them endorsed any checks for Meritt Buffalo, and neither of them ever received any money from the claim.

93. Because Central's efforts to clarify and finally settle the claim with Meritt Buffalo have been unsuccessful, Central seeks a declaratory judgment that it has paid all amounts it is obligated to pay to Meritt Buffalo to fully and finally satisfy Central's obligations under Policy No. CLP 8892326, or alternatively a declaration as to the exact amount it may still owe, as it is most certainly not the full amount claimed by Meritt Buffalo.

### E. Request for Declaratory Relief

94. Central seeks the following declarations:

   a. Meritt Buffalo has not complied with all of its duties under the Policy.

   b. Meritt Buffalo's duties under the policy in the event of loss or damage includes taking all reasonable steps to protect covered property from further damage and keeping a record of such expenses.

   c. Meritt Buffalo's duties under the policy in the event of loss or damage includes giving Central complete inventories of damages and undamaged property, including quantities, costs, values and amount of loss claimed.

   d. Meritt Buffalo's duties under the policy in the event of loss or damage includes permitting Central to inspect the property as often as necessary.

   e. Meritt Buffalo's duties under the policy in the event of loss or damage includes sending Central with a signed, sworn proof of loss.

   f. Meritt Buffalo's duties under the policy in the event of loss or damage includes cooperating with Central in the investigation or settlement of the claim.

    g. Meritt Buffalo's duties under the policy in the event of loss or damage includes resuming all or part of its operations as quickly as possible if it intends to continue its business.

    h. Central has satisfied all of its obligations under the Policy for the fire loss to Meritt Buffalo's real property under the Building coverage.

    i. Central has satisfied all of its obligations under the Policy for the fire loss to Meritt Buffalo's personal property under the Business Personal Property coverage.

    j. Central has satisfied all of its obligations under the Policy for the fire loss under the Business Income coverage.

    k. Central has satisfied all of its obligations under the Policy for the fire loss under the Extra Expense coverage.

    l. Central owes no further sums to Meritt Buffalo in connection with the fire loss.

    m. Central owes no further sums to Xernie Meritt in connection with the fire loss.

    n. Central owes no further sums to any member of the Meritt Buffalo Events Center LLC in connection with the fire loss.

### Prayer

For these reasons, Defendants ask the Court to:

    (i) deny all relief that Meritt Buffalo requests against Defendants;

    (ii) enter all declarations requested by Central in its counterclaim and third-party petition;

(iii)   enter a take nothing judgment against Meritt Buffalo;

(iv)   grant Defendants such other relief to which they may be entitled in equity or law.

Respectfully submitted,

**EKVALL & BYRNE, L.L.P.**

BY:   */s/ Erik E. Ekvall*
Erik E. Ekvall
State Bar No. 06507022
Anna Evans Piel
State Bar No. 24002063
Susan Rampacek Wilson
State Bar No. 00797281
4450 Sigma Road, Suite 100
Dallas, TX 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517
eekvall@ekvallbyrne.com
apiel@ekvallbyrne.com
swilson@ekvallbyrne.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on all counsel of record on this 5th day of July, 2016.

    Scott M. Keller
    **Law Office of Scott M. Keller**
    3131 McKinney Ave.
    Suite 720
    Dallas, TX  75204
    **ATTORNEY FOR PLAINTIFF MERITT BUFFALO**

    Robert N. Grisham II
    **Law Offices of Robert N. Grisham II**
    5910 N. Central Expressway, Suite 925
    Dallas, TX 75206
    **ATTORNEY FOR PLAINTIFF MERITT BUFFALO**

                              */s/ Erik E. Ekvall*
                              Erik E. Ekvall