IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERITT BUFFALO EVENTS CENTER, LLC, D/B/A BUFFALO VALLEY EVENT CENTER, | § § § § | |
| VS. | § § | CIVIL ACTION NO. 3:15-CV-03741-D |
| CENTRAL MUTUAL INSURANCE COMPANY, DAVID MASSEY AND STEVE CAGLE, | § § § § | |
| VS. | § § | |
| XERNIE JOE MERITT | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants Central Mutual Insurance Company ("Central"), David Massey and Steve Cagle and file this Answer to *Plaintiff's First Amended Complaint* [Doc#31],[1] (hereinafter referred to as "Plaintiff's First Amended Complaint") for such pleading would respectfully show the Court the following:

**I.
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**A. Admissions and Denials**

1.  Defendants do not have sufficient information to admit or deny the allegations in paragraph 1 of the Plaintiff's First Amended Complaint.

---

[1] Defendants are only responding to Plaintiff's First Amended Complaint in this document. Defendants are not amending or supplementing Centrals' Counterclaim and Third Party Petition and intend for them to stand as set forth in Doc #32.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**     PAGE 1

2. Defendants admit the allegations in paragraph 2 of the Plaintiff's First Amended Complaint.

3. Defendants admit the allegations in paragraph 3 of the Plaintiff's First Amended Complaint.

4. Defendants admit the allegations in paragraph 4 of the Plaintiff's First Amended Complaint.

5. In response to paragraph 5, Defendants admit that Plaintiff made a claim under an insurance policy issued by Central. Defendants deny the remainder of the allegations in paragraph 5 of Plaintiff's First Amended Complaint.

6. In response to paragraph 6, Defendants admit that Plaintiff purchased insurance policies from Central, that those policies insured Plaintiff's property located at 2946 Ganzer Road West, Denton, Texas 76207, and that Plaintiff paid premiums for those policies. Defendants deny the remainder of the allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7. In response to paragraph 7, Defendants do not have sufficient information to admit or deny whether Plaintiff is "also known as Meritt Buffalo Events, LLC." Defendants admit the remainder of the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

8. In response to paragraph 8, Defendants specifically deny that all of Plaintiff's claimed damages, expenses and losses were incurred relative to the loss. Defendants admit the remainder of the allegations in paragraph 8.

9. In response to paragraph 9, Defendants admit that Plaintiff possessed BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE under its policy with Central in accordance with the terms of the policy. Plaintiff denies the remainder of the allegations in paragraph 9 of Plaintiff's First Amended Complaint, including the allegations in paragraphs 9.a-d.

10. Defendants deny the allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. In response to paragraph 14, Defendants admit that Plaintiff's claim was reassigned from David Massey to Steve Cagle and later back to David Massey. Defendants deny the remainder of the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's First Amended Complaint, including all allegations in paragraphs 15.a-15f.

16. In response to paragraph 16, Defendants admit that Central sought to take examinations under oath of Roberta Young and Xernie Meritt. Defendants deny the remainder of the allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17. In response to paragraph 17, Defendants admit that examinations under oath were taken of Roberta Young and Xernie Meritt on May 21, 2015 and that they provided documents for the examination. Defendants deny the remainder of the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19. In response to paragraph 19, Defendants admit that EUOs were taken of Roberta Young. Defendants deny the remainder of the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

23. In response to paragraph 23, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-22, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.

24. Defendants admit the allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's First Amended Complaint.

26. In response to paragraph 26, Defendants admit that Plaintiff reported the fire loss claim to Central as soon as practicable and that Central acknowledged the claim in writing. Defendants deny the remainder of the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27. In response to the paragraph 27, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-26, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29. In response to the paragraph 29, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-28, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 30.a-30.e. of Plaintiff's First Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's First Amended Complaint.

32. In response to paragraph 32, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-31, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 34.a.-34e. of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38. In response to the first sentence of paragraph 38, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-37, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. Defendants deny the remainder of the allegations made in paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 41.a.-41.f.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's First Amended Complaint.

43. In response to the first sentence of paragraph 43, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-42, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. Defendants deny the remainder of the allegations made in paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 45.a.-45.c.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's First Amended Complaint.

47. In response to the first sentence of paragraph 47, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-46, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. Defendants deny the remainder of the allegations made in paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 50.a.-50.f.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52. In response to the first sentence of paragraph 52, which reasserts and incorporates all of Plaintiff's facts and allegations it made in paragraphs 1-51, Defendants deny the allegations they have already denied above and admit the allegations they have already admitted above. Defendants deny the remainder of the allegations made in paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's First Amended Complaint, including all allegations made in paragraphs 54.a-54.c.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's First Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

60. To the extent that the allegations in paragraph 60 of Plaintiff's First Amended Complaint require an answer, those allegations are denied.

61. This paragraph contains a request for a jury; therefore, no answer is required by Defendants.

62. To the extent that the allegations in the prayer of Plaintiff's First Amended Complaint require an answer of Defendants, those allegations are denied.

### B. Affirmative Defenses

Without waiving the foregoing, Defendants assert the following Affirmative Defenses, alternatively as needed, in reply to Plaintiff's First Amended Complaint:

63. Plaintiff's claims are barred, in whole or in part, by its own breach of contract.

64. Plaintiff's claims are barred by estoppel by contract and/or equitable estoppel.

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

66.     To the extent Plaintiff has been unjustly enriched by overpayment of the claim and/or will be unjustly enriched by further payment of the claim, Plaintiff's claims are barred, in whole or in part.

67.     Plaintiff's claims are barred, in whole or in part, by payment. Central has already paid over $2.8 million to Plaintiff for its fire loss.

68.     Plaintiff's claims are barred, in whole or in part, by certain exclusions, terms, conditions and/or provisions of the Policy, including, but not limited to, those terms, conditions, exclusions, and provisions addressed separately herein.

69.     To the extent that Plaintiff's alleged damages do not fall within the terms of one or more the insuring agreements found in the policy, there is no coverage for Plaintiff's claims and Plaintiff's claims are barred.

70.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to mitigate its damages, Plaintiff's claims are barred.

71.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to give Central a complete inventory of damaged and of undamaged property, including quantities, costs, values and amount of loss claimed, Plaintiff's claims are barred.

72.     To the extent that Plaintiff has failed to comply with all of its duties under the policy by failing to send Central a signed, sworn proof of loss, Plaintiff's claims are barred.

73.     To the extent that Plaintiff has failed to cooperate with Central in the investigation or settlement of the claim, Plaintiff's claims are barred.

74.     To the extent that Plaintiff has failed to take all reasonable steps to protect covered property from further damage and keep a record of such expenses, Plaintiff's claims are barred.

75.     To the extent that Plaintiff has failed to permit Central to inspect the property as often as necessary, Plaintiff's claims are barred.

76.     To the extent that Plaintiff has failed to resume all or part of its operations as quickly as possible, Plaintiff's claims are barred.

77.     To the extent that Plaintiff's alleged damages to its Building or Personal Property were not caused by or do not result from a covered cause of loss, Plaintiff's claims are barred.

78.     Plaintiff's claims are barred to the extent that Plaintiff's alleged business income loss does not fall within the insuring agreement or loss payment provisions of **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM – CP0030 10 12** and to the extent that Plaintiff's alleged business income loss falls within any exclusion, exception or limitation in that coverage form.

79.     Plaintiff's claims are barred to the extent that Plaintiff's alleged extra expenses do not fall within the insuring agreement or loss payment provisions of **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM – CP0030 10 12** and to the extent that Plaintiff's alleged extra expenses fall within any exclusion, exception or limitation in that coverage form.

80.     To the extent that Plaintiff's alleged damages occurred over 365 consecutive days after the date of the direct physical loss, Plaintiff's claims are barred by the **BUSINESS INCOME AND EXTRA EXPENSE Amendment of Limits of Insurance Form 14-3039 02 11**.

81.     Plaintiff's claims are barred in whole or in part to the extent that the following provision of the policy applies:

**COMMERCIAL PROPERTY CONDITIONS - CP0090 07 88**

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in case of any fraud by you as it relates to this Coverage Part at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
1.  This Coverage Part;
2.  The Covered Property;
3.  Your interest in the Covered Property; or
4.  A claim under this Coverage Part.

...

82. Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy. The policy limits in effect at the time of the loss were:

   a. Events Center/Motel - $1,978,000

   b. Business Personal Property - $260,000

   c. Business Income – Actual loss sustained

83. A *bona fide* controversy existed and continues to exist concerning the extent of the Plaintiff's entitlement to the disputed insurance benefits under the facts present in the insurance claim made the basis of this lawsuit. Accordingly, Defendants' liability has not become "reasonably clear."

84. Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Furthermore, any award to Plaintiff must be offset by all prior payments tendered by Central regarding the claims that form the basis of Plaintiff's lawsuit and by all payments and credits otherwise available.

85. Any damages awarded under the Texas Insurance Code are limited by the statutory caps set forth therein.

86. Any damages awarded under the Texas Business and Commerce Code § 17.50 *et. seq.* are limited by the statutory caps set forth therein.

87. Plaintiff's claims for pre-judgment interest and damages are limited by the provisions set forth in Chapter 542 of the Texas Insurance Code and Chapter 304 of the Texas Finance Code.

88. Plaintiff's First Amended Complaint fails to explain what authority Cagle supposedly had and fails to assert any individual actions by Cagle that fall outside the scope of his representative capacity as an employee of Central. Certainly no payments were made to Plaintiff came from Cagle's individual bank account. Therefore, Cagle is not a proper party to this lawsuit.

89. Plaintiff's First Amended Complaint fails to explain what authority Massey supposedly had and fails to assert any individual actions by Massey that fall outside the scope of his representative capacity as an employee of Central. Certainly no payments were made to Plaintiff came from Massey's individual bank account. Therefore, Massey is not a proper party to this lawsuit.

### Prayer

For these reasons, Defendants ask the Court to:

(i) deny all relief that Meritt Buffalo requests against Defendants;

(ii) enter all declarations requested by Central in its amended counterclaim and amended third-party petition [Doc #32];

(iii) enter a take nothing judgment against Meritt Buffalo;

(iv) grant Defendants such other relief to which they may be entitled in equity or law.

Respectfully submitted,

**EKVALL & BYRNE, L.L.P.**

BY: */s/ Erik E. Ekvall*
Erik E. Ekvall
State Bar No. 06507022
Anna Evans Piel
State Bar No. 24002063
Susan Rampacek Wilson
State Bar No. 00797281
4450 Sigma Road, Suite 100
Dallas, TX 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517
eekvall@ekvallbyrne.com
apiel@ekvallbyrne.com
swilson@ekvallbyrne.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on all counsel of record on this 19th day of July, 2016.

    Scott M. Keller
    **Law Office of Scott M. Keller**
    3131 McKinney Ave.
    Suite 720
    Dallas, TX  75204
    **ATTORNEY FOR PLAINTIFF MERITT BUFFALO**

    Robert N. Grisham II
    **Law Offices of Robert N. Grisham II**
    5910 N. Central Expressway, Suite 925
    Dallas, TX 75206
    **ATTORNEY FOR PLAINTIFF MERITT BUFFALO**

                                         */s/ Erik E. Ekvall*
                                         Erik E. Ekvall